## COOMBS & ATKINSON *vs.* JOSEPH B. PATTERSON.

A mortgage of "every article and thing in stock or in process of manufacture" in a jewelry establishment, does not include the machinery and fixtures.

The description of the property in a mortgage cannot be enlarged by parol evidence of the intention of the mortgagor to include other property than that within the terms of the description.

PLAINTIFFS' petition for a new trial.

*March* 19, 1895.   TILLINGHAST, J.   This is replevin to obtain possession of certain personal property which the plaintiffs claim to own.   The facts are these : In April, 1893, and for some time prior thereto, the plaintiff Coombs and the defendant were in copartnership at Lincoln, R. I., under the firm name of Coombs & Patterson, in the manufacture of jewelry.   On the 13th of April, 1893, the defendant sold all his right, title and interest in and to the partnership property and business, the same being one undivided half part thereof, to the plaintiff Atkinson who thereupon by agreement with Coombs became a partner with him in said business.   Atkinson agreed to pay Patterson $912.20 for his interest in said partnership property, and in pursuance thereof gave him a note for this amount payable in sixty days, secured by a mortgage given by Atkinson individually, on "every article and thing in stock or in process of manufacture" in the jewelry establishment situate in Lincoln at the corner of Clay and North Main streets.   Shortly after the maturity of the note, the same remaining unpaid, Patterson took possession of said shop and all the property then found therein, including all the machinery, stock and fixtures and book accounts of the firm, claiming the right so to do by virtue of said mortgage, and advertised all the right, title and interest of said Atkinson therein for sale, as mortgagee thereof, whereupon the plaintiffs sued out the writ in this case and repossessed themselves thereby of said property.

The uncontradicted proof shows that none of the stock, whether manufactured, unmanufactured or in process of manufacture, which was in said shop when the mortgage

was given, was there when the defendant took possession as aforesaid, but that the same had all been disposed of in the regular course of business of the firm within sixty days after the giving of said mortgage.

The case was tried to the court in the Common Pleas Division, jury trial being waived, and a decision rendered in favor of the defendant. At the trial the court permitted the defendant against the plaintiffs' objection, to offer testimony that it was the intention of said Atkinson to include in his mortgage to Patterson all the property including machinery, fixtures and goods and chattels which were conveyed to him, said Atkinson, by the defendant, which said machinery, fixtures, goods and chattels were described in a bill of sale given by Patterson to Atkinson on the 13th day of April, 1893, as follows, viz : "All my interest in the jewelry establishment situated in Lincoln at the corner of Clay and North Main Streets and in every article and thing in stock or in process of manufacture in said shop." The description in said mortgage, however, reads thus : "The following articles of personal property now in my possession and now in the jewelry establishment situate in Lincoln at the corner of Clay and North Main Streets. Meaning to convey every article and thing in stock or in process of manufacture in said shop."

The plaintiffs now petition for a new trial on the grounds, 1, that the court erred in admitting parol evidence to vary the terms of the mortgage given by said Atkinson to Patterson ; 2, that the court erred in deciding that the defendant was entitled to the possession of the property replevied under a mortgage given by one of the partners on partnership property to secure his individual debt ; 3, that the court erred in deciding that the defendant was entitled to the possession of the property replevied in said case, by virtue of said mortgage, because none of the property replevied was covered by said mortgage or described therein ; 4, that the court erred in deciding said case for the defendant because said decision was against the evidence and the weight thereof ; 5, that the court erred in deciding that the defendant was entitled to the possession of said property under said mortgage given by

Atkinson to secure his individual debt on the partnership property as against the copartnership.

We think the first and third points, which may properly be considered together, taken by the plaintiffs' counsel should be sustained. For while it is true that parol evidence may be admitted to identify property which is included in the descriptive words of a mortgage, yet property not answering the description therein cannot be shown to be covered thereby, as this would be to extend the scope of the instrument, and thereby vary the terms thereof. And it is a familiar rule of law that a written instrument cannot be varied by parol evidence. The instrument must speak for itself unless there be a latent ambiguity which may be explained by such evidence. *Sweet* v. *Stevens*, 7 R. I. 379 ; *Hutton* v. *Arnett*, 51 Ill. 198 ; Pingrey on Chattel Mortgages, § 148. The description used in the mortgage in the present case is not ambiguous as to the class of goods mentioned, but only as to the identification thereof. It covers everything in stock or in process of manufacture in the shop. And while it was clearly competent for either party to show by parol evidence of what that stock consisted, to identify it and show that it was on the premises when the mortgage was given, yet it was not competent to allow proof to be offered that it was the intention of the mortgagor to include another class of property therein, viz., the machinery and fixtures used in the manufacture of said stock, as this was simply not to explain the uncertain description of the property covered by the mortgage, but to vary the mortgage by including property not covered thereby. For it cannot be said that machinery and fixtures in a jewelry establishment, and much less books of account used in connection therewith, can be embraced in the phrase "all articles and things in stock or in process of manufacture."

It is true that Atkinson admits in his testimony that he intended to give Patterson a mortgage on all the property that he purchased of him. And while it is probable that there was such a mistake in the drawing of the mortgage as would warrant a court of equity in reforming the same, yet

as it now stands it is clearly insufficient to cover the property replevied.

As it is clear then that none of the property replevied was covered by said mortgage, it becomes unnecessary to consider the other ground urged by the plaintiffs, in support of their petition for a new trial.

Petition granted.

*Jacob W. Mathewson*, for plaintiffs.

*Stephen A. Cooke, Louis L. Angell & Joseph Osfield, Jun.*, for defendant.